UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
**ERLIN RODRIGUEZ** and **FRANCISCO PADILLA**, *individually and on behalf of others similarly situated,*

            *Plaintiff,*

vs.

**LORENZO LANDSCAPING SERVICES CORP.**, *a New York Corporation*, and **MARIA LORENZO**, *an individual.*

            *Defendant.*
-------------------------------------------------------X

CASE NO:

## COMPLAINT

ERLIN RODRIGUEZ and FRANCISCO PADILLA ("Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorneys, Law Offices of Nolan Klein, P.A., hereby sue LORENZO LANDSCAPING SERVICES CORP., ("Corporate Defendant") and MARIA LORENZO ("Individual Defendant") (Corporate Defendant and Individual Defendant are referred to collectively as "Defendants"), and alleges:

### NATURE OF THE ACTION

1. Plaintiffs bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and for violations of the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

2. Plaintiffs further seek certification of this action as a collective action on behalf of Plaintiffs individually, and on behalf of all other similarly situated employees and former employees of Defendant pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District; specifically, a substantial part of Plaintiffs' work took place in this District.

## PARTIES

5. Plaintiffs are over the age of 18 years, *sui juris*, and are residents of this State.

6. Corporate Defendant is a New York corporation organized and existing under the laws of the State of New York.

7. On information and belief, Individual Defendant, Maria Lorenzo, is over the age of 18 years, *sui juris*, and owns (in whole or in part), and operates, and/or controls the Corporate Defendant, and/or has authority over rates of pay and schedules of employees within the Corporate Defendant business.

8. Defendants operate a landscaping company, which the New York Secretary of State lists as having its address at 180 Valley St., Sleepy Hollow, NY.

9. Individual Defendant is sued herein individually in her capacity as, on information and belief, an owner, offer and/or agent of Corporate Defendant.

10. Defendants are an enterprise as defined by the FLSA, 29 U.S.C. § 203 (r-s).

11. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

12. Upon on information and belief, the Defendant had, at all times material hereto, a gross annual volume of sales of not less than $500,000.00.

13. Upon information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

14. At all relevant times, Plaintiffs were and are former employees of the Defendants within the meaning of the FLSA and NYLL.

15. Plaintiff Erlin Rodriguez ("Plaintiff Rodriguez" or "Mr. Rodriguez") worked for the Defendants for approximately nine (9) years, from 2014, through September 2023.

16. Plaintiff Francisco Padilla ("Plaintiff Padilla" or "Mr. Padilla") worked for the Defendants for approximately ten (10) years, from 2013, through September 2023.

17. Plaintiffs were employed to perform activities as gardeners, and their job duties included cutting grass, picking up leaves, cutting trees, planting flowers, and any other tasks or jobs that they were assigned at any given time.

18. The only times of year when Plaintiffs did not work for Defendants was December through February, but even during those months, they were employed to plow or remove snow when needed.

19. Plaintiffs regularly handled goods in interstate commerce, including different kinds of soil, tools, and other such items and products needed for gardening.

20. Plaintiff's work duties required neither discretion nor independent judgment.

21. Plaintiff Rodriguez worked for Defendants from Monday through Sunday from 8:00 a.m. to 5:00 p.m. or later (the latest Plaintiff Rodriguez got out of work was at 8:30 p.m.) Accordingly, Plaintiff Rodriguez worked approximately 63-80 hours per week.

22. Plaintiff Padilla worked for Defendants, before COVID-19, from Monday through Saturday from 8 a.m. to 5:00 p.m. or later (approximately 54 hours per week), and after 2020, from Monday through Friday, from 8 a.m. to 5 p.m. or later (approximately 45 hours per week).

23. At the beginning of the employment Plaintiff Rodriguez was paid a standard rate of $150 per day, then was raised to $160 per day, then $180 per day, and finally to $210 per day for the last two years of employment. This was a flat daily rate of pay.

24. For the first four years of employment Plaintiff Padilla was paid $135 per day, then got a raise to $145 per day, then to $150 per day, then to $160 per day in 2019, and finally got a raise to $220 per day. This was a flat daily rate of pay.

25. Throughout their employment with Defendants, Plaintiffs were paid partially by direct deposit, and partially in cash.

26. Defendants failed to pay Plaintiffs any overtime premium (time and a half) for hours worked over forty (40) in each workweek.

27. Defendant failed to provide Plaintiffs with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

28. Defendants failed to provide Plaintiffs, at the time of hiring, a statement in English and the employee's primary language (in this case, Spanish), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

29. Upon information and belief, Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees, including non-exempt employees working in other departments of the Defendant business.

30. As part of their regular business practice, Defendant intentionally, willfully, and repeatedly harmed Plaintiffs and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

31. As part of their regular business practice, Defendant have willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of the Plaintiffs, similarly situated individuals, and members of the proposed Class by misclassifying them as independent contractors when Plaintiff was, in fact, an employee.

## RULE 23 CLASS ACTION ALLEGATIONS

32. Plaintiffs bring this action on their own behalf and as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of individuals defined as follows: Any and

all individuals employed by Defendants at Defendants' business at any time during the six-year period preceding the date on which this complaint was filed (the "Class").

33. Excluded from the Class is any person who is an executive, professional, managerial, or other employee of Defendants who is exempt from coverage under the NYLL and FLSA, and not subject to protection of those laws.

34. The members of the class are so numerous that joinder of all Class members is no practical. The size of the class will be determined through discovery.

35. Plaintiffs' claims are typical of those of the Class. Plaintiffs, along with every member of the Class, has suffered violations of applicable labor laws, including each of the violations complained by Plaintiff herein.

36. Plaintiffs will adequately protect the interest of all members of the Class and has retained competent legal counsel experienced class action litigation as well as FLSA and NYLL litigation. Plaintiff has no interest that are contrary to the interests of the Class.

37. A class action is by far the most efficient way by which to resolve all FLSA and NYLL claims belonging to any current or former Employee of Defendants, which occurred at any time within the relevant limitations period. The expense and burden associated with individual litigation of each claim held by each member of the Class would be extraordinarily inefficient for Defendants, for members of the Class, and for courts of this District.

38. Common questions of law and fact prevail with respect all members of the Class predominate over questions applicable solely to individual Class members. Among such common question of law and fact is whether Defendant has violated its state and federal legal obligations by failing to comply with FLSA and NYLL requirements in the manner alleged by Plaintiff herein,

6

such that all members of the Class are owed minimum, as well as damages for failure to provide required wage and other notices.

39. Plaintiffs knows of no special or unique difficulty that would be encountered in the management of litigation that might preclude its maintenance as a class action.

40. The names and addresses of Class members are readily discernable from the Defendants' business records. Notice of this case to each member of the Class, along with notice to each member of the Class that he/she will need to opt-out of the Class or otherwise be barred from pursuing future action, can be delivered by U.S. Mail, or electronic mail (where applicable), using technique and a form of notice similar to those customarily used in class action litigation in the District, and can additionally be posted at Defendants' place of business, or by other means that are likely to reach members of the Class.

## FLSA COLLECTIVE ACTION CLAIMS

41. Plaintiffs brings his FLSA minimum wage, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them at any time during the three-year period prior to this Complaint being filed (the "FLSA Class Period").

42. At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage.

43. The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

7

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

44. Plaintiffs re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

45. Defendants failed to pay Plaintiff and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

46. Defendants' failure to pay Plaintiffs and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

47. Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION.
### (Violation of the Overtime Provisions of the New York Labor Law)

48. Plaintiffs re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

49. Defendants failed to pay Plaintiffs overtime compensation at rates of one and one half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

50. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

51. Plaintiff was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order of the New York Commissioner)

52. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

53. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours was ten hours or more in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

54. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiff's spread of hours was ten hours or more was willful within the meaning of NYLL § 663.

55. Plaintiff was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (Violation of the notice and recordkeeping requirements of the New York Labor Law)

56. Plaintiffs re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

57. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

58. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
### (Violation of the wage statement provisions of the New York Labor Law)

59. Plaintiffs re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

9

60. Defendants never provided Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

61. Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members; (c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

c) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

d) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

f) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

h) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor;

i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

j) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, spread of hours pay under the NYLL, and damages for any improper deductions or credits taken against wages,

k) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

l) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

m) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

n) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4); and

    p)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

February 8, 2024
~~Xxxxxxbxxxxxx2023~~

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431
PH:   (954) 745-0588

By:  */s/ Nolan Klein*
NOLAN KLEIN, ESQUIRE
(NK 4223)
klein@nklegal.com
amy@nklegal.com
melanie@nklegal.com

## CONSENTIMIENTO PARA DEMANDAR BAJO
## LA LEY DE NORMAS LABORALES JUSTAS
## (FAIR LABOR STANDARDS ACT)

**ERLIN RODRIGUEZ** y **FRANCISCO PADILLA**, somos empleados o ex empleados de **LORENZO LANDSCAPING SERVICES CORP.**, y/o personas o entidades relacionadas. Las alegaciones que se establecen en esta demanda nos han sido explicadas en español y todas son verdaderas y correctas a nuestro entender, información y creencia. Hemos consentido para ser demandantes en la acción mencionada anteriormente para cobrar los salarios no pagados y otros daños y perjuicios.

Fecha: 2/5/2024 , 2024.

_____
ERLIN RODRIGUEZ

_____
FRANCISCO PADILLA

13